IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELA RICKELL and GENE RICKELL, | Civil No. 1:18-CV-1279 |
| Plaintiffs, | |
| v. | |
| USAA CASUALTY INSURANCE COMPANY | |
| Defendant. | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Presently before the court is Defendant USAA Casualty Insurance Company's ("Defendant") partial motion to dismiss count III of Plaintiffs Daniela and Gene Rickell's ("Plaintiffs") complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendant argues that the allegations that it denied insurance coverage to Plaintiffs in bad faith amount to no more than legal conclusions that fall short of the pleading standards required by Federal Rule of Civil Procedure 8(a). For the reasons that follow, the court will grant Defendant's motion to dismiss without prejudice.

## I. **Background**

The following facts are gleaned from Plaintiffs' complaint and are taken as true for purposes of disposing of Defendant's motion to dismiss. Plaintiffs, at all

times relevant to the instant matter, were covered by an automobile insurance policy issued by Defendant, which included underinsured motorist coverage. (Doc. 1, ¶ 7.) On October 31, 2016, Plaintiffs were driving along 2nd Street in the city of Harrisburg, Pennsylvania. (*Id.* at ¶ 8.) Plaintiffs took note of a vehicle, later discovered to have been operated by Garrett Tyler Neff ("Neff"), driving erratically behind them and pulled their car to the side of the road to avoid the vehicle. (*Id.*) Despite their attempts to avoid it, Neff's car struck a tree, which caused it to spin around and hit Plaintiffs' vehicle. (*Id.*) At the time of the accident, Neff was insured by Progressive Advanced Insurance Co. ("Progressive"). (*Id.* at ¶ 9.) Because of the accident, which was entirely due to the negligence and carelessness of Neff, Plaintiff Daniela Rickell required several major surgeries to correct injuries to her shoulder and back and will require additional surgeries in the future. (*Id.* at ¶¶ 9-11.) Plaintiffs agreed to a settlement with Progressive for the full amount of Neff's policy limits, and Defendant consented to such settlement in writing. (*Id.* at 18; Ex. "B.") On November 28, 2018, Plaintiffs made a written demand for underinsured motorist benefits under their policy and submitted all documentation for Plaintiff Daniela Rickell's injuries. (*Id.* at ¶ 21-22.) On February 20, 2018, approximately three months after Plaintiffs' initial demand, they filed a complaint that was substantially similar to the complaint in the instant action in the United States District Court for the

Eastern District of Pennsylvania. *Rickell v. USAA Casualty Ins. Co.*, No. 18-cv-737 (E.D. Pa. filed Feb. 20, 2018) ("Eastern District Complaint"). It is unclear if Plaintiffs had any subsequent contact or communication with Defendant regarding their demand for underinsured motorist benefits between the date of demand and the filing of the Eastern District Complaint.

On March 22, 2018, Defendant filed a motion to dismiss the Eastern District Complaint for improper venue and requested that the Eastern District transfer the case to this court pursuant to 28 U.S.C. 1404(a). On April 6, 2018, before the Eastern District issued a ruling on Defendant's motion to dismiss or transfer venue, the parties entered into a stipulation to dismiss the Eastern District Complaint without prejudice. (*Id.* at Doc. 7.) On June 28, 2018, Plaintiffs filed the instant complaint, setting forth substantially the same allegations and causes of action asserted in the Eastern District Complaint. (Doc. 1.) On July 18, 2018, Defendants filed the instant motion to dismiss for failure to state a cause of action upon which relief may be granted pursuant to Rule 12(b)(6). The matter has been fully briefed and is ripe for disposition.

## II. <u>Legal Standard</u>

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261

(3d Cir.1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir.1985).

A valid complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (*citing Twombly*, 550 U.S. at 556 n.3)). Accordingly, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In disposing of a motion to dismiss, the court "should conduct a two-part analysis." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts." *Id.* at 211 (internal quotation marks omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The standard for pleading a bad faith insurance claim requires an insured to demonstrate that: "(1) the insurer lacked a reasonable basis for denying benefits; and (2) [] the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto Ins. Co.*, 115 F. 3d 230, 233 (3d Cir. 1997) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). Bad faith claims are fact specific and turn on the conduct of the insurer towards the insured. *Dougherty v. Allstate Prop. and Cas. Ins. Co.*, 185 F. Supp.

3d 585, 598 (E.D. Pa. 2016) (citing *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006)). A plaintiff must plead specific facts as evidence of bad faith and cannot rely on mere legal conclusions. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 506 Fed. App'x 133, 136 (3d Cir. 2012) (holding that the complaint alleging bad faith under § 8371 was legally insufficient because it did not contain any explanations or descriptions of the alleged bad faith conduct).

### III. Discussion

Defendant raises an oft-argued issue in the context of bad faith insurance claims within the Third Circuit: whether Plaintiffs' complaint has set forth sufficient facts to support a finding of bad faith by Defendants or if the so-called factual allegations amount to mere legal conclusions that the court may not accept as true for purposes of disposing of a Rule 12(b)(6) motion. The body of case law on this issue has become so well-developed in recent years that this court may point to other decisions that have held specific allegations contained in Plaintiffs' complaint to be legal conclusions rather than factual allegations, or *vice versa*. To begin its analysis, the court will set forth the relevant allegations bearing on the issue of bad faith in the instant case:

> In furtherance of its bad faith and wrongful refusal to pay the full policy limits for Plaintiffs' covered loss, the Defendant, acting by and through its duly authorized agents, servants, workmen and/or employees, have engaged in the following conduct:
>
> (a) failing to evaluate Plaintiffs' claim objectively and fairly;

6

(b) failing to complete a prompt and thorough investigation of Plaintiffs' claim;

(c) failing to pay Plaintiffs' covered loss in a prompt and timely manner;

(d) conducting an unfair and unreasonable investigation of Plaintiffs' claim;

(e) violating the fiduciary duty owed to Plaintiffs;

(f) failing to reasonably and adequately evaluate or review the medical documentation in Defendant's possession;

(g) failing to keep Plaintiffs or their representatives fairly and adequately advised as to the status of the claim;

(h) unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiffs or their representatives;

(i) failing to make a reasonable settlement offer to Plaintiffs despite receipt of medical specials which supported tender of the full policy limit in Plaintiffs' third-party claim against [] Neff;

(j) unreasonably withholding policy benefits;

(k) acting unreasonably and unfairly in response to Plaintiffs' claim; and

(l) unnecessarily and unreasonably compelling Plaintiff to initiate this lawsuit to obtain policy benefits for a covered loss that Defendant should have paid promptly and without the necessity of litigation.

(Doc 1, ¶ 43.) Reviewing the remainder of the complaint, the court notes the following relevant factual averments:

1. At all relevant times, Plaintiffs had a valid underinsured motorist's insurance policy issued by Defendant. (Doc. 1, ¶ 7.)

2. Plaintiffs made a written demand for benefits and provided medical documents relevant to their claim on November 28, 2017. (*Id.* at ¶ 21.)

7

3. Plaintiffs' demand was within policy limits and met all terms and conditions of the policy. (*Id.* at ¶¶ 19-20.)

4. Defendant has, to date, failed to pay benefits to Plaintiffs or respond to Plaintiffs' written demand. (*Id.* at ¶ 22.)

Averments such as Subparagraphs (a), (b), (d), and (f) have been held to be conclusory: "[Allegations that Insurer] failed 'to properly investigate and evaluate plaintiff's [underinsurance] claim' and that 'defendant knew or recklessly disregarded the fact that it had no reasonable basis for its above conduct' are conclusory statements and recitations of the elements of the claim that need not be accepted as true." *Allen v. State Farm Mut. Auto. Ins. Co.*, No. 14-cv-7367, 2015 WL 1072968, *3 (E.D. Pa. Mar. 12, 2015). Similarly, the averments in Subparagraphs (g), (h), (j), (k), and (l), regarding how Defendant handled the claim after receipt are conclusory without additional factual support that would inform the court why Defendants actions are unreasonable. *Riedi v. GEICO Cas. Co.*, No. 16-cv-6139, 2017 WL 1326318, *3 (E.D. Pa. Apr. 11, 2017) ("There are no facts showing how GEICO lacked a reasonable basis for its decision to not pay [underinsured motorist] benefits . . . [Thus,] the complaint fails to state a plausible bad faith claim."); *see also Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (holding that allegations that "Defendant engaged 'in dilatory and abusive claims handling,' but providing no examples of how Defendant handled

Plaintiff's claim" are legal conclusions); *Smith v. State Farm*, 506 App'x at 136 (holding that allegations that the defendant insurer had "engaged in unfair settlement negotiations," "misrepresented facts" about the plaintiff's insurance policy, and "failed to properly investigate" the plaintiff's underinsured motorist claim were legal conclusions).

Taken alone, only Subparagraph (i) appears to be a factual allegation entitled to be taken as true for purposes of a motion to dismiss. The mere allegation that Plaintiffs provided documentation and Defendant has failed to make a reasonable settlement offer, however, does not support an inference of bad faith without additional factual support such as the complexity of the claim and the time passed between the date Plaintiffs supplied the necessary information and the date the complaint was filed. *See Padilla v. State Farm Mut. Auto. Ins. Co.*, 31 F. Supp. 3d 671, 676 (E.D. Pa. 2014) (concluding that the plaintiff's bad faith claim should proceed when the complaint alleged specifically a delay of five months before the defendant made an offer to settle the claim and also that the defendant ignored multiple communications from the plaintiff). Moreover, the allegation in Subparagraph (c) is conclusory in that it alleges that Defendant's response was not "prompt," yet it is based on no facts that would demonstrate why the delay was unreasonable. *Canizares v. Hartford Ins. Co.*, No. 16-cv-1465, 2016 WL 3027766, *2 (E.D. Pa. May 27, 2016) ("The closest the Complaint comes to alleging a

specific fact regarding [Insurer]'s handling of the claim is that [Insurer] 'fail[ed] to respond to Plaintiffs' claim for benefits within a reasonable period of time.'"). Here, it appears that Plaintiffs waited less than three months before filing the Eastern District Complaint without any factual explanation as to why such a period of time amounts to unreasonable delay.

Other courts have recognized an inherent difficulty in pleading facts regarding the internal claims-processing procedures of insurers, but have also held plaintiffs to the fact pleading standard set forth in *Twombly* and *Iqbal*: "[P]laintiffs claiming bad faith may simply have to allege the limited facts of which they are aware, including but not limited to: the nature of the correspondence with the insurance company; details of how the negotiations, if any, proceeded; and more detailed allegations supporting claims of injury necessitating benefits." *Myers v. State Farm Mut. Auto. Ins. Co.*, No. 17-cv-3509, 2017 WL 3891968, *3 (E.D. Pa. Sept. 6, 2017). The pleadings here are much different than bad faith claims that have survived motions to dismiss. *See, e.g.*, *Davis v. Nationwide Mut. Ins. Co.*, 228 F. Supp. 3d 386, 389 (E.D. Pa. 2017) (denying motion to dismiss bad faith claim where the complaint specifically plead the severity of the injury, the resulting financial costs of the injury, and the unreasonably low offer from the

insurer);[1] *Padilla*, 31 F. Supp. 3d at 676-77 (denying motion to dismiss bad faith claim that specifically alleged the amount of months the insurer delayed in responding to the plaintiff's claim, the insurer ignored specific requests of the insured, and made an unreasonably low settlement offer). In contrast to *Davis* and *Padilla*, it does not appear from the face of the complaint that Defendant actually made a determination regarding Plaintiffs' claim. Thus, the bad faith claim is based predominantly on the alleged delay in processing Plaintiffs' claim. *See Eley v. State Farm Ins. Co.*, No. 10-cv-5564, 2011 WL 294031, *3 (E.D. Pa. Jan. 31, 2011) ("four month delay in processing a claim is not, 'by itself, so unusual or unreasonable to indicate bad faith.'" (quoting *Robbins v. Metro. Life Ins. Co. of Conn.*, No. 08-cv-0191, 2008 WL 5412087, *7-8 (E.D. Pa. Dec. 29, 2008)); *see also Great Lakes Reinsurance (UK) PLC v. Stephens Garden Creations, Inc.*, 119 F. Supp. 3d 297, 306 (E.D. Pa. 2015) ("An insurer's delay in settling a claim does not, on its own, necessarily constitute bad faith."); *Meyers v. Protective Ins. Co.*, No. 16-cv-01821, 2017 WL 386644, *7 (M.D. Pa. Jan. 27, 2017) ("[The court is] unable to find precedent supporting the proposition that an insurance company's investigation of a claim lasting three-and-a-half months is unreasonably lengthy."). Furthermore, it is unclear if Defendant ignored any subsequent attempts at

---

[1] Discussing the issue of unreasonable delay, the court in *Davis* noted that the insurer made its exceedingly low offer nearly four years after the accident occurred. *Davis*, 228 F. Supp. 3d at 389 (citing *Padilla*, 31 F. Supp. 3d at 676 n.8).

11

communication because Plaintiffs allege only two instances where they contacted Defendant prior to filing suit: the initial demand and the filing of the Eastern District Complaint.[2] *Kosierowski v. Allstate Ins. Co.*, 51 F. Supp. 2d 583, 588-90 (E.D. Pa. 1999) (holding that "[L]egitimate, if frustrating delays that are an ordinary part of legal and insurance work" do not constitute bad faith, and that if "delay is attributable to the need to investigate further or even to simple negligence, no bad faith has occurred.").

In contrast to the instant matter, other courts have denied similar motions to dismiss where the plaintiff set forth sufficient facts to shore up the legal conclusions of bad faith conduct. In *Condi v. State Farm Insurance Co.*, No. 13-cv-1100, 2013 WL 4520852, *3 (M.D. Pa. Aug. 26, 2013), the court denied a motion to dismiss where the complaint alleged specific facts showing: (1) why the loss was clearly covered under the policy; (2) why the harm caused did not fall into any alleged policy exceptions; (3) the harm was clearly within the bounds of the

---

[2] In contrast to *Riedi v. GEICO Casualty Co.*, No. 16-cv-6139, 2017 WL 2957831, *3 (E.D. Pa. July 11, 2017) ("*Riedi II*"), the attachment of the policy does not cure the pleading defects noted herein. In *Riedi II*, the court previously granted a motion to dismiss for failure to state a claim, and the plaintiff repleaded, attaching the policy documents as an exhibit. *Id.* There, however, the terms of the policy spoke directly on the alleged acts taken by the insurer that gave rise to the allegations of bad faith. Specifically, the insurer denied coverage, in part, based on the plaintiff's failure to timely add a new vehicle to the policy, and the policy expressly stated that coverage began if the plaintiff requested a new vehicle be added to the policy within 30 days of purchase. Thus, the attachment of the policy presented a factual basis for the plaintiff's assertion that the denial of coverage was unreasonable. Here, there are no terms of the policy that are clearly breached and nothing in the attached policy speaks to a reasonable processing time for claims that would allow an inference of unreasonable delay under the facts pleaded in the complaint.

policy; and (4) that the defendant had no basis to conclude that the loss was not covered. *See also, Davis v. Nationwide Mut. Ins. Co.*, 228 F. Supp. 3d 386, 390 (E.D. Pa. 2017) ("Assuming the truth of these allegations, an unreasonably low offer, or no offer, could be bad faith on the part of [Insurer]."). Here, Plaintiffs' factual averments amount to no more than an allegation that Defendant failed to communicate or issue benefits within three months of Plaintiffs providing medical documentation and a written request for benefits. Plaintiffs point to no facts that suggest that this delay was unreasonable or dilatory. As such, the facts alleged in the complaint cannot suffice to raise a cause of action for bad faith under Pennsylvania law. Because it is not clear that an amendment would be futile, however, Plaintiffs will be given leave to amend their complaint if they are able to add factual allegations that would support their bad faith claims.

## IV. Conclusion

For the reasons set forth above, the court concludes that Plaintiffs have failed to allege facts that are sufficient to show that they have a plausible bad faith insurance claim. Accordingly, the court will grant Defendant's motion to dismiss Count III of Plaintiffs' complaint without prejudice.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: November 6, 2018